UNITED STATES of America,
Plaintiff–Appellee,

v.

Ignacio OROZCO, Defendant–
Appellant.

No. 98–10379.

D.C. No. CR 97–00608–GEB.

United States Court of Appeals,
Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

Before O'SCANNLAIN, SILVERMAN,
and GOULD, Circuit Judges.

MEMORANDUM **

Ignacio Orozco appeals his guilty plea conviction and 168–month sentence imposed for conspiracy to distribute methamphetamine, in violation of 18 U.S.C. §§ 841(a) and 846.

Pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Orozco's counsel submitted a brief stating that he found no meritorious issues for review. Appellant has not filed a supplemental pro se brief.

■ Counsel raises the potential issue of whether Orozco waived his right to appeal pursuant to his plea agreement. We review de novo the validity of a waiver of appellate rights. *See United States v. Buchanan,* 59 F.3d 914, 917–18 (9th Cir.1995). Although Orozco's plea agreement contained a waiver of appeal, at sentencing, the district court reinstated the right to appeal with the government's consent.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Because the district court's oral pronouncement controls over a written waiver, we conclude that Orozco's appeal is properly before this court. *See id.* (stating that the court's unequivocal statement at sentencing reinstated the right to appeal).

Counsel next raises the potential issue of whether counsel at Orozco's plea hearing and subsequent counsel at sentencing rendered ineffective assistance. We decline to address these claims on direct appeal as ineffective assistance of counsel claims are more appropriately raised on collateral review. *See United States v. Molina,* 934 F.2d 1440, 1446 (9th Cir.1991) (stating that collateral proceedings permit the trial "judge first to decide whether the [ineffective assistance] claim has merit, and second, if it does, to develop a record as to what counsel did, why it was done, and what, if any, prejudice resulted.").

██ Finally, counsel raises various potential sentencing issues. We conclude however that the district court properly denied Orozco's request for an acceptance of responsibility adjustment because Orozco continually asserted that he had no knowledge of the drugs. *See United States v. Scrivener,* 189 F.3d 944, 948–49 (9th Cir.1999) (denying acceptance of responsibility adjustment where defendant continually asserted innocence in and at sentencing). Additionally, we conclude that Orozco was not eligible for the "safety valve" because he had more than one criminal history point. *See* U.S.S.G. § 5C1.2.

Our independent review of the record pursuant to *Penson v. Ohio,* 488 U.S. 75, 83, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no further issues for review. Accordingly, counsel's motion to withdraw is

GRANTED and the judgment is AFFIRMED.